## CIRCUIT COURT OF BALTIMORE CITY.

Filed March 18, 1897.

JOHN W. ROYSTON
VS.
ALBERT N. HORNER, ET AL.

*Richard S. Culbreth* for plaintiff.

*John P. Poe* and *W. A. Wade* for defendants.

DENNIS, J.—

In this case I find no fraud and no such duress as is sufficient to set aside the final settlement of all the controversies between the parties to upset

which and open up the whole matter anew is the object of the present bill. The settlement was deliberately made under the advice of counsel, who were acquainted with all the facts, and whose good faith cannot be brought into question. There was no concealment on the part of the defendant, and no urgency by him to induce the settlement; in fact, the proposition of settlement came from those in the interest of the present plaintiff, and the final arrangement was looked upon on all sides as a termination made in good faith of all matters in dispute between the parties. That the *fear* that John W. Royston would be prosecuted for forgery, was one of the strongest inducements to the settlement, I do not doubt; but that this fear was due to threats made by the defendant, and would not have existed but for such threats, I do not believe. The fear was due to *knowledge of the facts* in possession of Royston's family and advisers, and the almost inevitable results that would have followed a suit on the notes; and to save him and family, was one of the chief objects of the settlement.

But what is the evidence in regard to threats? It rests solely upon Miss Virginia Royston's testimony; and the only threat to which she can testify as having been made is the statement which she says was made to her by Mr. Poe during the progress of taking testimony in the other case, which was that Horner was urging him to prosecute her brother for forgery, and had threatened to employ other counsel if he would not do so. It is true that she speaks repeatedly of Horner's threats; but only in a most general way; and she is not able to prove any other than the alleged declaration to Mr. Poe as the basis for her claim; nor does she mention any other person by whom she was told that threats had been made by Horner; and there is no attempt whatever to prove any other declaration by Horner which could be at all construed to have that effect.

Horner swears, and it is uncontradicted, that he made no threats whatever, never directed or authorized any one to make them for him, and never had any conversation with either John W. Royston, Miss Royston or her mother on the subject; and, in fact, never had any personal acquaintance whatever with either of the latter.

But assuming that Mr. Poe did make the statement alleged, I do not think the *fear* under which it is claimed the settlement was made was *caused* by his declaration, but was due to a full knowledge of all the facts in the case, which made the plaintiff's friends, family and advisers deem the settlement made the wisest course to be pursued for the protection of the plaintiff himself and his family, and to put an end to what, as is apparent from the testimony, was at the best a doubtful litigation. But unless the *fear* under which it is claimed the settlement was made was *caused by threats made by the defendant*, and would not have existed without them, it would not amount to *duress* in law, and would not be ground to set aside the transaction. The *fear* which induced to the settlement must be *caused* by the threats: if it existed independently of them, the doctrine of duress cannot be applied. And upon the testimony in this case, I am satisfied that the actually controlling cause of the settlement was the knowledge by the plaintiff's friends and advisers of the real facts of the case, and that the alleged threat of the defendant did little, if anything, to produce the fear which resulted from that knowledge, and induced them to make the proposition for settlement.

I will sign a decree dismissing the bill with costs.